**Lee Earl ROBINSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–220 CR.**

Court of Appeals of Texas, Beaumont.

Submitted March 5, 1998.

Decided May 13, 1998.

Discretionary Review Refused Sept. 30, 1998.

John D. MacDonald, II, Conroe, for appellant.

Daniel C. Rice, Dist. Atty., Conroe, William E. Hall, Jr., Georeg E. Renneberg, State's Attys. Pro Tem, Law Offices of William E. Hall, Jr., Conroe, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Appellant was charged by indictment with the offense of the murder of Michael d'Agrella, alleged to have occurred on or about November 1, 1994, in Montgomery County, Texas. Following a plea of not guilty, a jury found appellant guilty of murder as charged in the indictment. Punishment was assessed by the trial court at fifty years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. Appellant filed a Motion for New Trial which was overruled by operation of law. Appellant thereafter perfected this appeal.

Appellant's appointed counsel filed an appellate brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978); appellant subsequently filed a *pro se* brief. This Court conducted an independent review of the record on appeal and issued a *Per Curiam* Order on June 26, 1997, finding that there was an "arguable point of error" raised by the record, and ordered that the appeal be abated until new counsel could be appointed for the purpose of filing a new brief.

Appellant now brings forth three points of error:

Point of Error Number One:

The trial court committed reversible error when it submitted the State's proposed charge on the issue of the appellant's voluntary intoxication to the jury in its charge on guilt-innocence over the appellant's timely objection.

Point of Error Number Two:

The trial court erred when it violated Texas Code of Criminal Procedure article 38.05 by commenting on the evidence in its answer to a question proposed to the court by the jury during the jury's deliberations.

Point of Error Number Three:

The trial court abused its discretion when it admitted details of an unadjudicated offense into evidence during the punishment phase of the appellant's trial over the appellant's timely objection.

## POINT OF ERROR ONE

In his first point of error, appellant claims the trial court erred in submitting the State's proposed charge on voluntary intoxication. The court charged the jury as follows:

You are instructed that voluntary intoxication does not constitute a defense to the commission of a crime. "Intoxication" means a disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

Appellant's point of error turns on his claim that there was no evidence of intoxication. While it is true that appellant denied being intoxicated the night of the killing, it is also true that appellant's use of intoxicants was presented to the jury from various sources, including appellant himself. The appellant admitted that he had consumed seven beers over the course of the entire evening and had shared a "marijuana square" with other people at the party, and that he was not intoxicated.

A judge is required to deliver to the jury a charge distinctly setting forth the law applicable to a case. Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.1998). The jury is the sole judge of the facts, though the court determines the law. Tex.Code Crim. Proc. Ann. art. 36.13 (Vernon 1981).

■ Tex. Pen.Code Ann. § 8.04(a) (Vernon 1994) provides that voluntary intoxication does not constitute a defense to the commission of a crime. In *Taylor v. State*, 885 S.W.2d 154, 158 (Tex.Crim.App.1994), the court held:

We do not believe that a defendant needs to rely upon intoxication as a defense in order to implicate [§ 8.04(a)]. Rather, if there is evidence from any source that

might lead a jury to conclude that the defendant's intoxication somehow excused his actions, an instruction is appropriate.

Justice Clinton's interpretative remarks in his concurring opinion are very helpful in our analysis of this case:

> [A]n instruction on voluntary intoxication at the guilt or innocence phase of trial is not limited to cases in which temporary insanity is relied upon as a defense, but is appropriate any time the evidence raises an issue whether an accused was intoxicated at the time of the offense to the degree that it may have been a causal factor, and the evidence raises an issue whether his intoxication was voluntary.

*Id.* at 159. Thus, we conclude that voluntary intoxication is not exclusively a defense issue; a charge on voluntary intoxication may be submitted in evidence of intoxication and deemed appropriate by the trial court. Point of error one is overruled.

## POINT OF ERROR TWO

In his second point of error, appellant alleges the trial court erred by commenting on the evidence in its answer to a question presented by the jury during jury deliberations. During deliberations, the jury sent the following question to the court: "If can't (sic) use intoxication as a defense how does that affect how a person's mind would be at time of offense— & if someone is intoxicated how can we compare that to anyone else that is reasonable." The trial court responded:

> In response to your request, please be advised the law will not allow me to answer your question.
>
> Please continue with your deliberation.
>
> - A person who is intoxicated voluntarily should be treated as though there were no intoxication.

Appellant's trial counsel made his objections to the judge's answer before it was sent to the jury. The objection was both timely and made in a proper manner; any error in

giving the answer to the jury was preserved by counsel's actions.

On September 1, 1997, a revision of the Texas Rules of Appellate Procedure went into effect. By order of the Court of Criminal Appeals, the revised rules are to govern all appeals then pending, unless said order provides otherwise. As such, appellate review for reversible error is now controlled by TEX.R.APP. P. 44.2. *See King v. State,* 953 S.W.2d 266 (Tex.Crim.App.1997). In *Weatherred v. State,* 963 S.W.2d 115, 132–33 (Tex. App.—Beaumont 1998, pet. granted), this Court set forth the following standard for appellate review of court error under rule 44.2(b):

> In our approach to the *Kotteakos/Lane* [1] discussions of whether or not trial error has affected a defendant's substantial rights to such an extent that reversal of the conviction is required, we find a proper review of Rule 44.2(b) error requires the appellate court to consider the entire record on its own merits and in its own unique setting, and, placing the error in the context of said record, determine whether any substantial rights of the defendant have been affected. If the substantial rights of the defendant have been affected, the appellate court must next inquire, after considering the error's impact on the defendant's substantial rights, whether we are left with "grave doubt" as to whether the error did have or could have had substantial and injurious effect or influence in determining the verdict. If the appellate court has such doubt, in the absence of overwhelming evidence of the defendant's guilt, the conviction must be reversed.

∎ TEX.CODE CRIM. PROC. ANN. art. 36.27 (Vernon 1981) permits communication between jury and judge and provides a procedure for that communication; this includes giving additional instructions, if appropriate. However, TEX.CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979) prohibits a judge from commenting on the weight of the evidence.[2]

---

1. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Lane,* 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

2. Article 38.05 provides: "In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at

To constitute reversible error in violation of article 38.05, the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.App.1983); *Marks v. State*, 617 S.W.2d 250, 252 (Tex.Crim.App.1981). The definition of voluntary intoxication and consequence thereof was already before the jury. Therefore, following the holding of *Weatherred*, we find the error complained of did not affect appellant's substantial rights and is not reversible error. Point of error two is overruled.

## POINT OF ERROR THREE

In his third point of error, appellant complains that the details of an unadjudicated offense should not have been admitted over appellant's timely objection at punishment.[3] During the punishment phase of trial, which was tried to the bench alone, the State elicited the testimony of Ms. Reese, who lived across the street from appellant's parents. The testimony of Ms. Reese detailed appellant's disorderly conduct which occurred while a family reunion was held at the Reese Residence. The testimony revealed appellant had been drinking and was walking the street, in front of the Reese residence, cursing and urinating in front of the reunion guests. Regarding this evidence, the following discourse took place between the court, the prosecutor, and defense counsel:

*BY [DEFENSE COUNSEL]:* Your Honor, at this point I'm going to object to the details of the offense. I want to object to anything that has not resulted in a final conviction with that offense, and particularly going into detail with whatever that offense may entail.

*BY [THE STATE]:* Your Honor, I'd like to point out that 3707(sic) of the Code of Criminal Procedure authorizes at the punishment phase of the hearing the admissibility of evidence that anything—of any-

thing the Court deems relevant including unadjudicated offenses and it specifically states that unadjudicated offenses are admissible. It's 3707(sic) of the Code—

*BY THE COURT:* I'm familiar with it, Counsel, thank you.

*BY [DEFENSE COUNSEL]:* It may say unadjudicated offenses, Judge, it doesn't say the details of those offenses.

*BY THE COURT:* I'll overrule the objection.

On appeal, appellant argues the trial court abused its discretion in admitting the details of the unadjudicated offense because the evidence was irrelevant under TEX.R.CRIM. EVID. 401 and 402, and was offered only to show that appellant acted in conformity with a character trait for drunkenness and disorderly conduct in violation of TEX.R.CRIM. EVID. 404.

■■■ The trial judge is exclusively responsible for determining the threshold admissibility of extraneous offenses in the punishment phase. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App.1996) The court's decision in admitting such evidence is reviewed under an abuse of discretion standard. *Id.* at 953 (citing *Saenz v. State*, 843 S.W.2d 24, 26 (Tex.Crim.App.1992)). Questions of relevance should be left largely to the trial court, and in reviewing a trial court's decision under an abuse of discretion standard, as long as the trial court's relevancy decision was at least within the zone of reasonable disagreement, an appellate court will not intercede. *Ford v. State* 919 S.W.2d 107, 115 (Tex.Crim. App.1996).

At the time of the commission of the offense on November 1, 1994, Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provided that evidence as to any matter could be offered during the punish-

---

any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

**3.** Appellant's third point of error raises this Court's prior concerns of an "arguable point of error." This case was sent back for review on an

arguable point of error based upon this court's ruling in *Smith v. State*, 930 S.W.2d 227 (Tex. App.—Beaumont 1996, pet. ref'd) wherein this court found reversible error for the admission of details of a prior conviction in the punishment phase of the trial.

ment phase of a trial if the trial court deemed it relevant to sentencing. TEX.CODE CRIM. PROC. ANN. art. 37.07(3)(a) (Vernon Supp.1994)[4]. This provision of the statute read as follows:

Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant *as to any matter the court deems relevant to sentencing,* including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, *notwithstanding Rules 404* and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

*Id.* (emphasis added). We initially note that article 37.07 specifically states that extraneous evidence may be offered *notwithstanding* Rule 404. Therefore, our only concern is whether the evidence was relevant.

▬ We now determine that the evidence of details of an unadjudicated offense are admissible subject to the requirement of relevancy. Here, the trial court's decision to admit evidence of appellant's drunkenness and disorderly conduct is clearly within the zone of reasonable disagreement and as such we will not intercede. It is presumed that the court determined the matter to be relevant since it had heard evidence of the defendant's consumption of alcoholic beverages during the guilt/innocence phase of the trial. Therefore, no error is shown in the admission of the unadjudicated offense. Point of error three is overruled.

Finding no error, we affirm the judgment and sentence of the trial court.

AFFIRMED.

---

4. Current version at TEX CODE CRIM. PROC. ANN. art. 37.07(3)(a) (Vernon Supp.1998).