**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00455-CR**
_____

**WALTER RYAN MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-15766**

**MEMORANDUM OPINION**

In this appeal, we are asked to decide whether Walter Ryan Moore is entitled to a new punishment hearing based on his three arguments claiming that: (1) comments the trial court made to the jury during the punishment phase of Moore's trial were improper and deprived him of his right to a fair trial; (2) the trial court allowed inadmissible hearsay to be admitted into evidence during the punishment phase of his trial; and, (3) the charge was improper because the trial court

1

instructed the jury on whether voluntary intoxication could be used as a defense. We affirm the trial court's judgment.

Background

In 2013, Moore pled guilty to an indictment that alleged that in 2012, he intentionally and knowingly threatened to injure a public servant by using a firearm. Moore elected to allow a jury to assess his punishment. At the conclusion of the trial, the jury assessed a nine-year sentence, and the judgment is consistent with the jury's sentence. Moore timely filed this appeal.

Comments During Punishment

In issue one, Moore alleges that error occurred when the trial court "repeatedly commented indicating his opinion of the case to the jury." Moore contends that the cumulative effect of the trial court's comments denied him of his right to a fair trial. The comments that Moore complains about in his appeal concern the trial court's comment that it was unusual for a defendant to plead guilty and then elect a jury trial to determine punishment; a comment that the defendant would ask the jury to consider probation; a comment advising the prosecutor, in response to the prosecutor's request for advice, to use the phrase "for whom" rather than "for who;" and various comments that the trial court offered

2

during the trial to explain why it was admitting or excluding evidence during the punishment phase of the trial.

Moore's trial counsel did not object to any of the comments that he complains about in his appeal at the time they occurred. To preserve an issue for appeal, the Rules of Appellate Procedure require a party to make the trial court aware of what he wants and why he thinks he is entitled to it through an objection, request, or motion that complies with the rules of evidence or procedure. Tex. R. App. P. 33.1(a).

In this case, Moore failed to comply with the requirements of Rule 33.1 of the Texas Rules of Appellate Procedure. While none of the comments at issue in the appeal conveyed the trial court's opinion about an appropriate sentence or gave the jury any improper information about Moore's case, the complaints that Moore raises about the trial court's comments should have been addressed with the trial court during the trial. Given the comments at issue, Moore's concern about the comments, in our opinion, were subject to being cured through further instructions. *See Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013) ("Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial."). Under the circumstances, the usual rules of error preservation apply, and Moore was required to object to the comments to preserve his complaint for appeal. By

failing to object and point out to the trial court that Moore thought the comments were improper, Moore failed to preserve his complaints about the various comments for review on appeal. Issue one is overruled.

Hearsay

In issue two, Moore argues the trial court erred in admitting hearsay based on the testimony of one of the investigating police officers, George Clark. During the trial, Officer Clark explained that he responded to a 911 call regarding a family disturbance involving a male who was threatening his mother, Billie Jean Dugas, and holding a baby hostage. When Officer Clark encountered Dugas at another house, which was near the residence where the child was being held hostage, Dugas was hysterical, crying, and very upset. The hearsay that is the subject of Moore's appeal concerns the following exchange:

> [Prosecutor]. Did you talk to her and try to ascertain what was going on in the house?
>
> [Clark]. Yes.
>
> [Prosecutor]. And what did she tell you?
>
> [Clark]. She told me that her --
>
> [Moore's Counsel]: Objection, Judge. Calls for hearsay.
>
> The Court: Response?

[Prosecutor]. It's two-fold but the first is that it gives a reason why the police officers are approaching the house and then what state they are approaching the house. But many of the statements that the State anticipates purportedly told to George Clark were in direct conflict with what Ms. Dugas said earlier in testimony.

The Court: All right. Stand by. Ladies and gentlemen, first of all, statements made objected to as to hearsay, even though they may be hearsay, can be admitted for limited purposes to allow the jury an understanding of the context of the situation so as the jury can understand why witnesses, the officer in this case, acted the way they did and what prompted the actions and the jury can consider it for that purpose.

As to the second reason and I would admit it for the purposes of allowing the jury to understand the context of the situation so they can understand why the officer acted in the way he acted and did what he did based on his perception of the events.

And furthermore, the second reason under Rule 802, subpart E, subpart 1, subpart A, a prior statement of a witness that is inconsistent with the earlier testimony by a declarant to the stand, as long as this person is subject to cross-examination, the pursuit of the truth is foremost in the context of the trial. And the Court is going to allow its admission under that particular rule which are statements declared not to be hearsay when they are admitted for the purposes of determining what the truth is and are inconsistent with prior testimony so that the jury can decide for themselves what are the facts. Go forward.

Subsequently, Officer Clark testified that Dugas told him that "Moore had barricaded himself inside the house with her 2-year-old grandchild and was threatening to kill them if she didn't give him money to buy drugs." The testimony continued as follows:

5

[Prosecutor]. Okay. Did he make any declarations about the house or who is running the house?

[Clark]. Yes, he did.

[Prosecutor]. In what way? What way did Ms. Dugas explain the defendant had --

[Moore's Counsel]: Objection, Judge. This is cumulative. This is not contrary at all to what was testified to earlier, and it's also hearsay.

The Court: Overruled.

[Clark]. He said that I was the king of this house. I run this house.

On appeal, Moore argues that Dugas's statement about what Moore said to her about being "the king of this house" and that he ran the house were inadmissible hearsay. On appeal, a trial court's decision to admit or to exclude evidence is reviewed under an abuse of discretion standard. *Carrasco v. State,* 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). If the trial court's decision is correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, it will be upheld. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). To constitute error, the trial court's ruling on an evidentiary matter must be one that falls outside the zone of reasonable disagreement. *See Apolinar v. State,* 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

6

In our opinion, the trial court's decision to admit Officer Clark's statement about what Dugas told him is a ruling that falls within the zone of reasonable disagreement. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). While hearsay is generally not admissible, hearsay may be admissible if the statement fits into one of the many hearsay exceptions that are recognized under Rule 803 of the Rules of Evidence. *See* Tex. R. Evid. 803 (listing twenty-four hearsay exceptions); *see Zuliani v. State,* 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

One of the exceptions under Rule 803(2) applies to an "excited utterance." Tex. R. Evid. 803(2). An "excited utterance" is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id.* Factors that courts consider to determine if a statement qualifies as an "excited utterance" include the length of time between the occurrence and the statement, the declarant's demeanor, whether the statement is made in response to a question, and whether the statement is self-serving. *See Apolinar,* 155 S.W.3d at 190. "The critical determination is 'whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event' or condition at the time of the

7

statement." *Zuliani,* 97 S.W.3d at 596 (quoting *McFarland v. State,* 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)).

The circumstances that led to Officer Clark's initial encounter with Dugas allowed the trial court to infer that Dugas was still under significant stress when she made the statements about Moore that are at issue in the appeal. Moore, Dugas's son, had threatened Dugas and her grandchild. When Officer Clark first spoke to Dugas, Moore was still holding Dugas's grandchild as a hostage. Officer Clark described Dugas at the time he initially encountered her as hysterical, crying, and very upset. When Dugas told Officer Clark that Moore said he was the king of the house, Dugas's grandchild was still being held hostage by Moore.

During the trial, Dugas also testified about her emotional state. According to Dugas, she was upset, frantic, and fearful that Moore would harm himself and that if he did so, that her grandchild could also get hurt. Although Dugas and Officer Clark were not asked about how long it took Officer Clark to come to the house where he first spoke to Dugas, the time lapse appears to be relatively short, as the period relates to the time that it would have taken Officer Clark to travel to Dugas's neighborhood after the hostage situation was reported. Given the circumstances and the testimony that is relevant to the stress that Dugas was under when she initially encountered Officer Clark, the trial court's determination that

8

Dugas's statements were admissible under the "excited utterance" exception is supported by evidence that was before the jury.

We hold that Moore's complaint that Dugas's statements to Clark were inadmissible hearsay is without merit. Moore also complains that the admission of Dugas's statement through Officer Clark violated his right to confront the witnesses who testified against him. However, the record shows that Dugas testified at trial, so she was available to be cross-examined about what she said to Officer Clark. Moore's complaint that admitting Officer Clark's statement violated his right to confront Dugas is without merit. *See Crawford v. Washington,* 541 U.S. 36 (2004). Issue two is overruled.

Charge Error

In issue three, Moore argues that the trial court erred by including an instruction on voluntary intoxication in the charge. In the charge, the trial court gave the jury with the following instruction:

> Voluntary intoxication does not constitute a defense to the commission of a crime. Intoxication means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

During the charge conference, Moore objected to the instruction in the proposed charge about voluntary intoxication, arguing that he had not raised "involuntary intoxication" as a defense. While the evidence at the trial did not

9

support a defense of "involuntary intoxication," the record from the trial shows that Moore used the fact that he was on drugs when the incident occurred to explain his conduct that resulted in the police responding to the call for assistance at Dugas's home. At trial, Moore testified: "Whenever this whole event went on, I was drugged completely out of my mind[.]" It was within the trial court's discretion to view this testimony as Moore's attempt to persuade the jury that he was not personally responsible for his conduct because he was on drugs when the incident occurred.

The jury is the sole judge of the facts, though the court determines the law. Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007). A judge is required to deliver a charge to the jury that distinctly sets forth the law that is applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). Under the Penal Code, a person's voluntary intoxication is not a defense to the commission of a crime. Tex. Penal Code Ann. § 8.04(a) (Vernon 2011). Without the instruction the trial court gave the jury, under the facts and circumstances in Moore's case, some of the jurors might have used Moore's voluntary drug use to excuse his responsibility for his conduct. Because voluntary intoxication is not an excuse for unlawful conduct, the instruction was appropriate. *See Taylor v. State,* 885 S.W.2d 154, 158 (Tex.

Crim. App. 1994). The instruction was appropriate even if Moore did not rely on intoxication as a defense. *Id.*

We conclude the trial court did not abuse its discretion in submitting a voluntary intoxication instruction in Moore's case. *See Robinson v. State,* 971 S.W.2d 96, 98 (Tex. App.—Beaumont 1998, pet. ref'd) (explaining that "voluntary intoxication is not exclusively a defense issue" and may be submitted where there is evidence of intoxication when it is deemed appropriate to do so by the trial court). Issue three is overruled.

Having considered all of Moore's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 2, 2015
Opinion Delivered October 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

11