**Richard Hernandez RAMOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52899.**

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Robert D. Hudnall, Dallas, for appellant.

Henry Wade, Dist. Atty.; Gary M. Love, Robert C. Hinton Jr., Dale G. Markland, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary of a building. V.T.C.A., Penal Code, Sec. 30.02. After finding appellant guilty, the jury assessed his punishment at seventeen years.

The evidence was that at about eight o'clock on a Sunday night the complaining witness and a Dallas police officer, after responding to a silent burglar alarm, found appellant hidden in the complainant's lumber store. The back door of the store had been broken into, and a window between the back room and the room in which appellant was found had also been broken. Appellant was found hidden behind a desk; he was wearing gloves taken from the store's stock. In one of his pockets was a screwdriver, also taken from the store's stock. The officer testified that the appellant was intoxicated.

The appellant testified that he had been drinking all day Sunday. He went to the house of his estranged wife early in the evening and found that, without his knowledge, she had moved and taken their children with her. He testified that he then "remember[ed] walking down Mercedes Street and then the next time I remember, I was in the lumber yard." Appellant stated that he did not remember breaking in the lumber yard; he claimed only that he was "mad and drunk."

Appellant's sole contention is that "he was intoxicated to such an extent, that he failed to have the requisite intent necessary to commit a burglary." Appellant acknowledges that Texas law has long been contrary to his contention, see Art. 36, V.A.P.C. (1925), but urges that we overrule a long

line of cases [1] in order to uphold his contention. This we decline to do, especially in light of the Legislature's recent enactment of Section 8.04 of the new Penal Code. That section provides that voluntary intoxication is not a defense to the commission of a crime, but may be relied upon as a mitigating factor at the punishment phase of the trial.[2] See also V.T.C.A., Penal Code, Sec. 8.01; *Hanks v. State*, 542 S.W.2d 413, 416 (Tex.Cr.App.1976); *Hart v. State*, 537 S.W.2d 21 (Tex.Cr.App.1976).

Appellant's contention is overruled.

The judgment is affirmed.

---

1. Appellant cites *Evers v. State*, 31 Tex.Cr.R. 318, 20 S.W. 744 (1892) as the principal authority in this group of cases.

2. Section 8.04 thus appears quite clearly to have been a recodification of existing law, albeit in somewhat altered language. See Searcy

and Patterson, Practice Commentary to Section 8.04, V.T.C.A., Penal Code; see also Art. 36, V.A.P.C., supra; *Hanks v. State*, 542 S.W.2d 413, 416 (Tex.Cr.App.1976); *Hart v. State*, 537 S.W.2d 21 (Tex.Cr.App.1976).