TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00253-CR






Jose Perez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0955311, HONORABLE BOB PERKINS, JUDGE PRESIDING





 A jury convicted appellant, Jose Perez, of attempted murder and aggravated assault with
a deadly weapon, see Tex. Penal Code Ann. §§ 15.01, 19.02, 22.02 (West 1994), and assessed
punishment at fifteen years in prison. In a single point of error, appellant contends the trial court erred in
including an intoxication-defense instruction in the charge to the jury. We will affirm.


FACTUAL BACKGROUND

 On the evening of September 1, 1995, John Dixon and several friends, including Tiffany
Yanbra, drove to a convenience store. While Dixon was inside the store, an altercation broke out between
appellant and Yanbra outside the store. Dixon left the store and stepped between his friend and appellant. 
He asked appellant what he thought he was doing (or words to that effect), and appellant responded by
stabbing him in the neck.

 The events leading up to the stabbing were disputed by the parties at trial. According to
the State's version of events, appellant approached Yanbra while she was standing on the sidewalk near
the entrance to the store. He began "throwing" gang signs. She asked him to stop and tried to walk away. 
Appellant began to verbally abuse Yanbra, repeating "you not down with that." He slapped her in the face
and pushed her into the window near the door. At that moment, Dixon walked out of the store, stepped
between Yanbra and appellant, and was stabbed in the neck without any other provocation.

 According to appellant's version of events, he was walking by the store when he suffered
a grand mal seizure. He saw Yanbra and reached out to her for help. She mistook the muscular spasms
and twitching caused by the seizure for gang signs. Just as the seizure was ending, Dixon exited the store
and intervened. Mistakenly thinking appellant was attacking his friend, Dixon grabbed appellant by the
testicles. In a desperate response to extreme pain, appellant stabbed him. None of the witnesses saw
appellant having a seizure, nor did they see Dixon grab appellant.

 Appellant fled the scene but was arrested shortly after the offense occurred. The arresting
officer testified that appellant appeared agitated and confused, and he assumed appellant was intoxicated. 
Appellant's medical records reflected that when he was brought to central booking, he was observed to
be intoxicated. Appellant's medical records also indicated that he later stated he was intoxicated at the
time of his arrest. In addition, his roommate testified that appellant had been drinking on the evening of the
offense and that his temper is especially violent when he drinks. At trial, however, appellant denied that
he was intoxicated at the time he stabbed Dixon.


DISCUSSION The trial court must deliver to the jury a written charge distinctly setting forth the law
applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 1989 & Supp. 1998). When the
defendant claims that the charge was flawed, the appellate court must determine whether the charge was
erroneous and, if so, whether the error was harmful. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985) (op. on reh'g). If the defendant objected to the error at trial, then the objection will call for
reversal so long as the error was not harmless. Id. In other words, an error in the court's charge does not
require automatic reversal; there must be some harm stemming from the error. Id. at 174.

 At issue in the present case is whether the court erred in instructing the jury, pursuant to
Tex. Penal Code Ann. § 8.04(a) (West 1994), that "[v]oluntary intoxication does not constitute a defense
to the commission of a crime." In a single point of error, appellant objects to the inclusion of this instruction
in the court's charge to the jury. Appellant argues that the instruction was improper because intoxication
was never a part of his defensive theory, he testified that he was not intoxicated, and he did not request the
instruction. The State argues in response that the trial court was not precluded from giving the instruction
merely because appellant did not rely on intoxication as a defense.

 The Texas Court of Criminal Appeals rejected similar arguments raised by the defendant
in Taylor v. State, 885 S.W.2d 154 (Tex. Crim. App. 1994). In that case, the defendant was charged
with the murder of her four-year-old daughter. She pleaded not guilty by reason of insanity. At trial, the
defendant presented evidence that she suffered from paranoid schizophrenia. There was also evidence that
she had shared a marihuana cigarette with her common-law husband on the night of the murder, and that
marihuana use by a schizophrenic could trigger a psychotic episode. The trial court instructed the jury that
"intoxication does not constitute a defense to the commission of a crime." Id. at 155. As in the present
case, the defendant objected to the instruction because she had not raised any defensive issues on that
basis. The jury convicted the defendant of murder and assessed punishment at life in prison. On appeal,
the defendant argued that the intoxication-defense instruction was improperly given because she had
asserted the defense of temporary insanity, not temporary insanity caused by intoxication. The court of
criminal appeals rejected the defendant's argument that the instruction should be given only in cases where
the defendant has relied on intoxication as an excuse for her actions. Id. at 158. Rather, the court stated
that the proper inquiry is whether the evidence adduced at trial raised an issue of the defendant's
intoxication so as to warrant the instruction. Since there was evidence that the defendant's marihuana use
might have precipitated her offense, the court held that the instruction was appropriate. Id. The court
further explained that the instruction was not a comment on the weight of the evidence. Id. at 158-59 n.9. 
The jury was free to find that the defendant was insane so long as they did not attribute her insanity to
voluntary intoxication. Id.

 In the present case, the record contains some evidence that raised an issue as to whether
appellant was intoxicated at the time of the offense. Appellant's roommate testified that appellant had been
drinking for several hours before the offense and that his temper is especially violent when he drinks. The
arresting officer testified that appellant appeared intoxicated. Appellant's medical records indicated that
he was observed to be intoxicated when he was brought to central booking and that he later stated he was
intoxicated at the time of his arrest. Following the analysis set forth in Taylor, we conclude that the
intoxication-defense instruction was adequately supported by the evidence. We also note that, like the
instruction in Taylor, the instruction in the present case was not a comment on the weight of the evidence.

 Even if the instruction were improper, it would not constitute reversible error here. Since
the present case does not involve constitutional error, the proper inquiry is whether the error affected
substantial rights of the appellant. Tex. R. App. P. 44.2(b). We conclude that the relevant instruction in
the court's charge, assuming there was error, does not pass this threshold.


CONCLUSION

 Having overruled appellant's single point of error, we affirm the conviction.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: March 12, 1998

Do Not Publish



constitute a defense
to the commission of a crime." In a single point of error, appellant objects to the inclusion of this instruction
in the court's charge to the jury. Appellant argues that the instruction was improper because intoxication
was never a part of his defensive theory, he testified that he was not intoxicated, and he did not request the
instruction. The State argues in response that the trial court was not precluded from giving the instruction
merely because appellant did not rely on intoxication as a defense.

 The Texas Court of Criminal Appeals rejected similar arguments raised by the defendant
in Taylor v. State, 885 S.W.2d 154 (Tex. Crim. App. 1994). In that case, the defendant was charged
with the murder of her four-year-old daughter. She pleaded not guilty by reason of insanity. At trial, the
defendant presented evidence that she suffered from paranoid schizophrenia. There was also evidence that
she had shared a marihuana cigarette with her common-law husband on the night of the murder, and that
marihuana use by a schizophrenic could trigger a psychotic episode. The trial court instructed the jury that
"intoxication does not constitute a defense to the commission of a crime." Id. at 155. As in the present
case, the defendant objected to the instruction because she had not raised any defensive issues on that
basis. The jury convicted the defendant of murder and assessed punishment at life in prison. On appeal,
the defendant argued that the intoxication-defense instruction was improperly given because she had
asserted the defense of temporary insanity, not temporary insanity caused by intoxication. The court of
criminal appeals rejected the defendant's argument that the instruction should be given only in cases where
the defendant has relied on intoxication as an excuse for her actions. Id. at 158. Rather, the court stated
that the proper inquiry is whether the evidence adduced at trial raised an issue of the defendant's
intoxication so as to warrant the instruction. Since there was evidence that the defendant's marihuana use
might have precipitated her offense, the court held that the instruction was appropriate. Id. The court
further explained that the instruction was not a comment on the weight of the evidence. Id. at 158-59 n.9. 
The jury was free to find that the defendant was insane so long as they did not attribute her insanity to
voluntary intoxication. Id.

 In the present case, the record contains some evidence that raised an issue as to whether
appellant was intoxicated at the time of the offense. Appellant's roommate testified that appellant had been
drinking for several hours before the offense and that his temper is especially violent when he drinks. The
arresting officer testified that appellant appeared intoxicated. Appellant's medical records indicated that
he was observed to be intoxicated when he was brought to central booking and that he later stated he was
intoxicated at the time of his arrest. Following the analysis set forth in Taylor, we conclude that the
intoxication-defense instruction was adequately supported by the evidence. We also note that, like the
instruction in Taylor, the instruction in the present case was not a comment on the weight of the evidence.

 Even if the instruction were improper, it would not constitute reversible error here. Since
the present case does not involve constitutional error, the proper inquiry is whether the error affected
substantial rights of the appellant. Tex. R. App. P. 44.2(b). We conclude that the relevant instruction in
the court's charge, assuming there was error, does not pass this threshold.


CONCLUSION

 Having overruled appellant's single point of error, we affirm the conviction.