**Opinion filed October 15, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00035-CR

_____

## JOANNE KAY SOUTHWORTH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Court Cause No. 06-219130**

### M E M O R A N D U M   O P I N I O N

Joanne Kay Southworth appeals from a guilty verdict for disorderly conduct. We affirm.

*Background Facts*

D.H., J.F., and S.T.[1] were walking in their neighborhood to D.H. and J.F.'s house from S.T.'s house. The boys were joking around and calling each other names like "fatso" and "chunky monkey." J.F. ran ahead of S.T. and D.H., and he passed appellant walking on the same street. Appellant took out a knife, pointed it at J.F., and shouted, "Don't f--k with me." The boys got scared, ran to the house, and told J.F. and D.H.'s mother, Christine Hillhouse, what had happened. Hillhouse contacted the police. The boys had seen appellant in their neighborhood before and knew

---

[1]The boys were ages nine, eleven, and twelve.

where she lived but did not know her name. They identified her in a photo lineup. Appellant was charged with disorderly conduct. She pleaded not guilty and proceeded to a jury trial. The jury found appellant guilty and sentenced her to 180 days in the county jail. The trial court suspended her sentence and placed her on community supervision for one year.

*Issue*

Appellant asserts that the trial court erred in overruling her objection to the jury charge and denying her request for an instruction on self-defense.

*Analysis*

A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). If evidence, from any source, raises a defensive theory, it must be included in the court's charge. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); *Taylor v. State*, 856 S.W.2d 459, 470-71 (Tex. App.—Houston [1st Dist.] 1993), *aff'd*, 885 S.W.2d 154 (Tex. Crim. App. 1994). A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, regardless of whether that evidence is strong, weak, unimpeached, or contradicted and regardless of what the trial court may think about the credibility of the defense. *Ferrel*, 55 S.W.3d at 591; *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). However, if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. *Ferrel*, 55 S.W.3d at 591. Self-defense is shown when a person is justified in using force against another when the actor reasonably believes the force is necessary to protect oneself against another's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a) (Vernon Supp. 2009). The use of force is not justified in response to verbal provocation alone. TEX. PENAL CODE ANN. § 9.31(b)(1) (Vernon Supp. 2009).

Appellant argues that there was evidence presented that she acted in self-defense and, therefore, that the trial court should have included an instruction on self-defense in the jury charge. Appellant asserts that it was reasonable for her to believe that she was about to be attacked by three boys who approached her from behind shouting names and carrying a BB gun.

D.H. testified that S.T. was carrying a BB gun because they were going to go squirrel hunting in the woods. D.H. testified that S.T. was carrying the gun with the barrel pointed toward the ground and that S.T. never pointed the gun at anyone or even lifted the barrel of the gun away

from the ground.  D.H. also testified that appellant did not even see him or S.T. because they were behind her when she pulled the knife out and pointed it at J.F.  D.H. testified that there was nothing in his conduct or the conduct of J.F. and S.T. that would cause appellant to pull a knife and scream at them.

J.F. testified that he was walking in front of S.T. and D.H.  J.F. testified that he was calling his brother, D.H., "fatso" and "chunky monkey."  J.F. stated that appellant might have thought that he was calling her names because she did not see D.H. and S.T. behind her.  J.F. testified that they were all laughing and joking around in a nonthreatening manner.  J.F. further testified that it was probable that S.T. had a BB gun with him but that he did not see it.

S.T. testified that he was carrying two BB guns that day.  He testified that he was carrying both the guns with the barrels facing down and that he had not pointed them at anybody.  S.T. further testified that appellant had no reason to pull a knife on him and his friends.

Self-defense was not raised in this case.  There was no evidence that any of the boys used force or attempted to use force against appellant such that she believed immediate force was necessary to defend herself.  There was no evidence that any of the victims threatened appellant or that appellant even believed she was being threatened or in danger.  The evidence showed that appellant was not even aware of the two boys behind her or that one of them was carrying a BB gun. Even if the jury believed that the victims were calling appellant names instead of calling each other names, verbal provocation does not justify self-defense.  The trial court did not err in not including an instruction on self-defense.  Appellant's issue on appeal is overruled.

The judgment of the trial court is affirmed.


                                                            RICK STRANGE

October 15, 2009                                            JUSTICE

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

3