Opinion filed October 15, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 15,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00035-CR 

                                                     __________

 

                             JOANNE
KAY SOUTHWORTH, Appellant

 

                                                             V.

 

                                       
STATE OF TEXAS, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 3

                                                    Montgomery
County, Texas

                                                Trial
Court Cause No. 06-219130

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Joanne
Kay Southworth appeals from a guilty verdict for disorderly conduct.  We
affirm.

Background
Facts








D.H.,
J.F., and S.T.[1] were walking
in their neighborhood to D.H. and J.F.=s
house from S.T.=s
house.  The boys were joking around and calling each other names like Afatso@ and Achunky monkey.@  J.F. ran ahead of S.T.
and D.H., and he passed appellant walking on the same street.  Appellant took
out a knife, pointed it at J.F., and shouted, ADon=t f--k with me.@  The boys got scared, ran
to the house, and told J.F. and D.H.=s
mother, Christine Hillhouse, what had happened.  Hillhouse contacted the
police.  The boys had seen appellant in their neighborhood before and knew
where she lived but did not know her name.  They identified her in a photo
lineup.  Appellant was charged with disorderly conduct.  She pleaded not guilty
and proceeded to a jury trial.  The jury found appellant guilty and sentenced her
to 180 days in the county jail.  The trial court suspended her sentence and
placed her on community supervision for one year.

Issue

Appellant
asserts that the trial court erred in overruling her objection to the jury
charge and denying her request for an instruction on self-defense. 

Analysis

A 
trial court must charge the jury fully and affirmatively on the law applicable
to every issue raised by the evidence.  Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  If evidence, from any
source, raises a defensive theory, it must be included in the court=s charge.  Ferrel v.
State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); Taylor v. State,
856 S.W.2d 459, 470-71 (Tex. App.C
Houston [1st Dist.] 1993), aff=d,
885 S.W.2d 154 (Tex. Crim. App. 1994).  A defendant is entitled to an
instruction on self-defense if the issue is raised by the evidence, regardless
of whether that evidence is strong, weak, unimpeached, or contradicted and
regardless of what the trial court may think about the credibility of the
defense.  Ferrel, 55 S.W.3d at 591; Walters v. State, 247 S.W.3d
204, 209 (Tex. Crim. App. 2007).  However, if the evidence, viewed in the light
most favorable to the defendant, does not establish self-defense, the defendant
is not entitled to an instruction on the issue.  Ferrel, 55 S.W.3d at 591. 
Self-defense is shown when a person is justified in using force against another
when the actor reasonably believes the force is necessary to protect oneself
against another=s use
or attempted use of unlawful force. 
Tex. Penal Code Ann. ' 9.31(a)
(Vernon Supp. 2009).  The use of force is not justified in response to verbal
provocation alone.  Tex. Penal Code Ann.
' 9.31(b)(1) (Vernon Supp. 2009).

Appellant
argues that there was evidence presented that she acted in self-defense and,
therefore, that the trial court should have included an instruction on
self-defense in the jury charge.  Appellant asserts that it was reasonable for
her to believe that she was about to be attacked by three boys who approached
her from behind shouting names and carrying a BB gun.








 D.H.
testified that S.T. was carrying a BB gun because they were going to go
squirrel hunting in the woods.  D.H. testified that S.T. was carrying the gun
with the barrel pointed toward the ground and that S.T. never pointed the gun
at anyone or even lifted the barrel of the gun away from the ground.  D.H. also
testified that appellant did not even see him or S.T. because they were behind
her when she pulled the knife out and pointed it at J.F.  D.H. testified that
there was nothing in his conduct or the conduct of J.F. and S.T. that would
cause appellant to pull a knife and scream at them.

J.F.
testified that he was walking in front of S.T. and D.H.  J.F. testified that he
was calling his brother, D.H., Afatso@ and Achunky monkey.@  J.F. stated that
appellant might have thought that he was calling her names because she did not
see D.H. and S.T. behind her.  J.F. testified that they were all laughing and
joking around in a nonthreatening manner.  J.F. further testified that it was
probable that S.T. had a BB gun with him but that he did not see it.

S.T.
testified that he was carrying two BB guns that day.  He testified that he was
carrying both the guns with the barrels facing down and that he had not pointed
them at anybody.  S.T. further testified that appellant had no reason to pull a
knife on him and his friends.

Self-defense
was not raised in this case.  There was no evidence that any of the boys used
force or attempted to use force against appellant such that she believed
immediate force was necessary to defend herself.  There was no evidence that
any of the victims threatened appellant or that appellant even believed she was
being threatened or in danger.  The evidence showed that appellant was not even
aware of the two boys behind her or that one of them was carrying a BB gun. 
Even if the jury believed that the victims were calling appellant names instead
of calling each other names, verbal provocation does not justify self-defense. 
The trial court did not err in not including an instruction on self-defense. 
Appellant=s issue on
appeal is overruled.

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

October 15, 2009                                                                    JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The boys were ages nine, eleven, and twelve.