

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00148-CR

CESAR RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 21F0609-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

A Bowie County jury convicted Cesar Rodriguez[1] of continuous sexual abuse of a young child,[2] and the trial court sentenced him to confinement in prison for fifty years.

On appeal, Rodriguez alleges three jury charge errors: (1) that the charge erroneously included an instruction on voluntary intoxication, (2) that the charge contained inconsistent age requirements when it instructed the jury that it could consider indecency by contact with a child younger than seventeen years of age in determining whether Rodriguez committed continuous sexual assault of a child younger than fourteen years old, and (3) that the definition for the period of time for commission of two or more acts of sexual abuse was incorrect. In his fourth point of error, Rodriguez claims the cumulative effect of the three charge errors egregiously harmed him.

While we agree that the trial court erred in its charge instructions to the jury, we conclude that none of the charge errors egregiously harmed Rodriguez.[3] As to Rodriguez's fourth point of error, we find no cumulative error. As a result, we affirm the trial court's judgment.

## I. Background

Rodriguez and his wife were family friends of Maggy's[4] family. Maggy testified that, when she was ten years old, Rodriguez began to inappropriately touch her, under her underwear, over her vagina. Within a year, Rodriguez was forcing Maggy to have sexual intercourse,

---

[1]In the trial court filings, Rodriguez is also referred to as Cesar Rodriguez Moya and Cesar Moya Rodriguez.

[2]*See* TEX. PENAL CODE ANN. § 21.02 (Supp.).

[3]Rodriguez concedes that he made no objections about the charge to the trial court and that reversal is not possible unless we find egregious harm. *See Cyr v. State*, 665 S.W.3d 551, 556 (Tex. Crim. App. 2022).

[4]Although the complainant was an adult at the time of her testimony, the abuses she described happened when she was a young child. To protect her privacy, we refer to her by a pseudonym. *See* TEX. R. APP. P. 9.10.

perform oral sex upon him, and endure his performance of oral sex on her. Those abuses continued after her fourteenth birthday and after she turned eighteen.

Rodriguez's wife discovered Rodriguez in bed with Maggy when Maggy was eighteen or nineteen years old. That led to Maggy talking to her priest, who realized the relationship had begun when Maggy was underage. As a result, he reported that information to a sexual abuse hotline. Law enforcement investigated the allegations, and Rodriguez was ultimately indicted, arrested, and convicted.

## II.     Errors in the Jury Charge

### A.     Standard of Review

In three points of error, Rodriguez complains of errors in the trial court's charge to the jury. "We employ a two-step process in our review of alleged jury-charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Id.* (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32)). Where the charge contains error and the appellant did not object, the appellant must demonstrate egregious harm. *See Casanova v. State*, 383 S.W.3d 530, 533 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). "An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015) (quoting *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). "Actual harm is established when

the erroneous jury instruction affected 'the very basis of the case,' 'deprive[d] the defendant of a valuable right,' or 'vitally affect[ed] a defensive theory.'" *Id.* (alterations in original) (quoting *Cosio*, 353 S.W.3d at 777).

To determine if the charge error resulted in egregious harm, we review "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Our review encompasses "any . . . part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused." *Id.* at 174. "Errors which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011) (citing *Almanza*, 686 S.W.2d at 172).

We agree with Rodriguez that the charge contains at least three errors. We examine each in turn and review for harm.

### B.      Voluntary Intoxication Instruction

The trial court included an instruction in the jury charge authorized by Section 8.04 of the Texas Penal Code: "Voluntary intoxication does not constitute a defense to the commission of crime." TEX. PENAL CODE ANN. § 8.04(a). "For purposes of this section 'intoxication' means disturbance of mental or physical capacity resulting from the introduction of any substance into the body." TEX. PENAL CODE ANN. § 8.04(d).

4

Voluntary intoxication is an "anti-defensive issue."[5] *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017). "An instruction on the non-defensive nature of voluntary intoxication is appropriate when 'there is evidence from any source that might lead a jury to conclude that the defendant's intoxication somehow excused his actions.'" *Id.* (quoting *Taylor v. State*, 885 S.W.2d 154, 158 (Tex. Crim. App. 1994)). The instruction "is appropriate *only* when some evidence at trial raises it." *Id.* (emphasis added). "Only at that time does an anti-defensive issue become law applicable to the case." *Id.*

There was absolutely no evidence at trial of any intoxication or intoxicants consumed by anyone, let alone Rodriguez.[6] The voluntary intoxication defense has no basis in the record and, hence, is not the law applicable to the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14. As a result, we find that the trial court erred to include that instruction in the charge.

## C. Confusing Language Regarding Age Limit of Victim

Included in Section 21.02's list of potential predicate offenses is the crime of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.02(c)(2) (Supp.). However, indecency with a child by contact is committed when the victim is a child younger than seventeen years of age, compared with Section 21.02's requirement that the victim be younger than fourteen.

---

[5]An anti-defensive issue is "an issue that benefits the State's position in the case but is not something the indictment required the State to prove from the outset. Perhaps the most common anti-defensive issue is voluntary intoxication: 'Voluntary intoxication does not constitute a defense to the commission of a crime.'" *Ex parte Ingram*, 533 S.W.3d at 892 (quoting TEX. PENAL CODE ANN. § 8.04(a)).

[6]The only mention of intoxication occurred when the State asked Officer Gisella Altamirano, who participated in the interview of Rodriguez and translated his statements for the jury, whether she noticed any signs of intoxication. Altamirano said that she had no indication Rodriguez was intoxicated when he gave his statements. The State points to Maggy's testimony that her extended family had frequent parties, where large groups of people were often present, and argues that there was "a legitimate deduction that the sexual abuse may have occurred at parties, and a juror may have made a legitimate deduction to believe that an intoxicant was involved." We disagree. Such analysis would, at most, be speculation. *See Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007).

*Compare* TEX. PENAL CODE ANN. § 21.11(a), *with* TEX. PENAL CODE ANN. § 21.02(b)(2)(A) (Supp.).

The jury charge here listed the possible predicate offenses of various manners of committing aggravated sexual assault of a child and indecency by contact. The application paragraph described the possible commission of indecency by contact as:

> engag[ing] in sexual contact with [Maggy], by touching the genitals of [Maggy], a child who was then and there *younger than 17 years of age*., then you will find the defendant guilty of Continuous Sexual Assault of a Child *Under 14 Years*, as charged in the Indictment."

(Emphasis added).

While the charged offense, continuous sexual assault of a child, requires the victim to be under fourteen years old, here, the charge suggests that a predicate offense may be found by the jury if the victim was younger than seventeen. This language is obviously confusing. Language that confuses the jury may constitute error. *See Reeves v. State*, 420 S.W.3d 812, 818 (Tex. Crim. App. 2013).

Not only are the conflicting age requirements confusing, they are also an incorrect statement of the law applicable to the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (stating that the trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case").[7] As a result, we conclude that this confusing language concerning the age requirements of the victim was error.

---

[7]The suggested application paragraph language from the Texas Practice Series provides:

> An act of sexual abuse committed by the defendant *[name of defendant]* was indecency with a child, to-wit: that on or about the *[ordinal number of day]* day of *[name of month]*, *[identification of year]*, the defendant *[name of defendant]*, did then and there intentionally and knowingly

6

**D. Incorrect Language on the Abusive Acts Occurring More Than Thirty Days Apart**

Section 21.02 requires that the State prove that, "during a period that is 30 or more days in duration, the [accused] commit[ted] two or more acts of sexual abuse," where at the time of each act of sexual abuse "the [accused] is [seventeen] years of age or older and the victim is . . . younger than [fourteen] years" old. TEX. PENAL CODE ANN. § 21.02(b) (Supp.). Here, the abstract paragraph of the trial court's charge instructed the jury as follows: "[I]n order to find the defendant guilty of the offense of Continuous Sexual Abuse of a Child, you must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." The application paragraph instructed the jury to find, beyond a reasonable doubt, that Rodriguez,

> during a period of time that was 30 or more days in duration, to wit: from on or about December 31, 2012, through on or about December 30, 2015, . . . when [Rodriguez] was 17 years of age or older, commit[ted] two or more acts of sexual abuse against [Maggy], a child younger than 14 years of age . . . .

The application paragraph then listed four acts of aggravated sexual abuse of a child and one act of indecency with a child by contact for the jury's consideration as predicate acts toward the required two or more acts of sexual abuse.

---

engage in sexual contact with *[[name of victim 1]/[name of victim 2]]*, a **child younger than 14 years of age** and not the spouse of the said *[name of defendant]*, by then and there touching the anus *or* part of the genitals of the said *[[name of victim 1]/[name of victim 2]] or* by then and there causing *[[name of victim 1]/[name of victim 2]]* to touch the anus *or* part of the genitals of the said *[name of defendant]*.

7 MICHAEL J. MCCORMICK ET AL., TEXAS PRACTICE: TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 6.9 (11th ed. 2024) (emphasis added). The trial court could have easily customized the age requirement and avoided the confusing language which made its way into the charge.

We addressed similar charge language in *Lewis v. State*, No. 06-21-00021-CR, 2022 WL 630288 (Tex. App.—Texarkana Mar. 4, 2022, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, 143 S.Ct. 740 (2023). The *Lewis* jury was instructed that, to convict, it must find that Lewis committed two or more acts of sexual abuse "during a period that was 30 or more days in duration, to-wit: May 15, 2013[,] and continuing until on or about September 30, 2014, in Bowie County, Texas." *Id.* at *6 (alteration in original).

The charge language in *Lewis* and in this case both required a finding that the alleged acts occurred "during a period that was 30 or more days in duration," and both clearly tracked the language in Section 21.02 that an offense is committed where an accused "commits two or more acts of sexual abuse" upon a child "during a period that is 30 or more days in duration." TEX. PENAL CODE ANN. § 21.02(b)(1). Nevertheless, we found error in the *Lewis* charge. *Lewis*, 2022 WL 630288, at *7.

In *Lewis*, we found guidance in two opinions from our sister courts: *Smith v. State*, 340 S.W.3d 41 (Tex. App.—Houston [1st Dist.] 2011, no pet.), and *Turner v State*, 573 S.W.3d 455, 462–63 (Tex. App.—Amarillo 2019, no pet.).[8] *Lewis*, 2022 WL 630288, at *7. In *Smith*, the application paragraph read:

> Now, if you find from the evidence beyond a reasonable doubt that *on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration*, . . . the defendant . . . committed two or more acts of sexual abuse . . . then you will find the defendant guilty of the offense of Continuous Sexual Assault of a Child.

*Smith*, 340 S.W.3d at 50. The court of appeals found this language insufficient and erroneous:

---

[8]In *Lewis*, after reviewing the four factors used in *Smith* and *Turner*, we found no egregious harm. *See Lewis*, 2022 WL 630288, at *8.

> The precise phrasing in the application paragraph does not specifically require a finding that the last act of sexual abuse occurred on at least the 29th day after the day of the first act. Rather, it allows a finding of guilt if two or more acts of sexual abuse occurred "on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration."

*Id.* Nevertheless, the court of appeals found that there was no egregious harm. *Id.* at 53.

Several years later, the Amarillo Court of Appeals addressed similar application paragraph language. *See Turner*, 573 S.W.3d at 462–63. There, the charge's language "during a period that was 30 or more days in duration," *id.* at 462, "suggest[ed] to the jury that the thirty-day requirement was met if it found Appellant committed two or more acts during a period of thirty days or more," *id.* at 463, and thus was erroneous. But the Amarillo court found no egregious harm. *Id.* at 464.[9]

Here, the charge's language was erroneous because it did not require the jury to find that the first and last acts of sexual abuse occurred at least thirty days apart.

## E. Review for Harm

Having found errors in the charge, we now review for harm. Because Rodriguez did not object to the parts of the charge he complains about on appeal, we will reverse only if we find that any of the charge errors led to egregious harm. *See Almanza*, 686 S.W.2d at 171.

### 1. The Entire Jury Charge

There are three errors in the charge: (1) the charge erroneously included an instruction on voluntary intoxication, (2) the charge contained confusing language about the age of victims

---

[9]The *Turner* court noted, "While someone with an understanding of the statute might argue that this provision is clear, the express language used does not make it clear that the first and last acts must occur thirty or more days apart." *Turner*, 573 S.W.3d at 462.

of indecency with a child[10] versus the age of victims of continuous sexual assault of a child, and (3) the charge contained confusing language regarding the requirement that two acts of sexual abuse occurred at least thirty days apart. While the charge contains the correct definition of indecency with a child by contact, the charge's language is confusing in that it allows the possibility of the jury finding continuous sexual assault of a child with a predicate offense where the victim was fourteen or older but younger than seventeen. There is also language that could allow the jury to convict of continuous sexual assault of a child even if it found the two predicate acts occurred within a span of less than thirty days.

Other than those errors, the charge is generally correct. It correctly defines aggravated sexual assault of a child and sexual assault.[11] The charge included language establishing the presumption of innocence and instructed the jury not to consider Rodriguez's failure to testify against him. The charge correctly instructed the jury on the other elements of continuous sexual assault of a child including that the jury need only be unanimous on the commission of two sexual abuse acts and that it need not be unanimous on which predicate acts. *See* TEX. PENAL CODE ANN. § 21.02(b)(2)(A).

That said, given the multiple errors in the charge, this factor weighs in favor of a finding of egregious harm.

---

[10]*See* TEX. PENAL CODE ANN. § 21.11(a)(1). Indecency by contact was alleged as one of the possible predicate offenses to continuous sexual assault of a child. The other predicate offenses were various manners of committing aggravated sexual assault of a child.

[11]*See* TEX. PENAL CODE ANN. § 22.011 (Supp.). Sexual assault of a child was alleged as a lesser-included offense, should the jury fail to convict Rodriguez of continuous sexual assault of a child or the lesser offense of aggravated sexual assault of a child.

### 2.    State of the Evidence

Maggy was twenty-one years old when she testified. She told the jury that, when she was ten years old, Rodriguez helped her and her cousins put away their bicycles one day. Rodriguez managed to be alone with Maggy and slid his hand down her pants, inside her underwear, and touched the outside of her vagina. He did that again at family gatherings. He would manage to be alone with Maggy and "try to get into [her] clothes, like without taking [them] off, like if [she] were wearing pants or whatever, put his hand inside or try, just forcefully."[12] Those events happened before she turned fourteen years old.

Maggy told the jury that, when she was ten or eleven years old, Rodriguez "put[] his penis inside" her. She described Rodriguez making her perform oral sex on him "[v]ery often" while she was younger than fourteen years of age.

Rodriguez, who primarily spoke Spanish,[13] was interviewed by law enforcement. His interview was played for the jury, and Altamirano translated his statements. Rodriguez acknowledged multiple touchings and penetrations of Maggy's sexual organ but asserted all acts were consensual and that Maggy had in fact pursued him. He claimed she told him, "I want to be with you," and "I want to go out with you." He told police he did not know how old Maggy was but admitted "she was underage." Police asked him if she was "11, 12, 13?" Rodriguez answered, "I don't really know. I can't remember, but she was under age [sic]." On one

---

[12]The jury could have reasonably inferred from the context of Maggy's testimony that Rodriguez, on those occasions, touched her genitals, "including touching through clothing." TEX. PENAL CODE ANN. § 21.11(c)(1); *see Hooper*, 214 S.W.3d at 16.

[13]Rodriguez spoke some English. Altamirano testified that he would sometimes correct her as she translated for the detective conducting the interview.

occasion he said, "I don't know, say maybe she was 12, but I'm not sure." He told police the sexual relationship was on-going around the time of his child's birth, which was December 18, 2012.[14]

At one point, Altamirano was inquiring of Maggy's age and described Rodriguez as "smiling through the thing, and he sa[id], oh, I don't know. My son might have just been born." He acknowledged inserting his fingers in Maggy's vagina when she was eleven or twelve years old. Altamirano testified that Rodriguez never denied the sexual abuse and "just sa[id] he [could not] remember the exact age but that she was underage."

Another Spanish speaking police officer testified that he listened to a part of a phone call recorded while Rodriguez was in jail before trial. Rodriguez's brother-in-law asked Rodriguez about the allegations, and Rodriguez answered, "We've been together for a while, but she told me she wouldn't press charges." Altamirano also testified to that statement made by Rodriguez.

The State also presented testimony from a forensic interviewer, who described Maggy's statements to her about the sexually abusive relationship, and Maggy's priest, to whom Maggy initially divulged her story of the years-long abuse when Maggy was eighteen or nineteen years old.

There was also no evidence of intoxication. Maggy's testimony made it clear that any instances of indecency by contact occurred before she was fourteen years old. And her testimony about various acts of aggravated sexual assault occurred frequently over a span of years, and therefore, there were at least thirty days between sexually abusive acts.

---

[14]Maggy's birthday is late in December, and on her birthday in 2012 she turned eleven.

For these reasons, the state of the evidence weighs heavily against a finding of egregious harm from any of the charge errors.

### 3.    Arguments of the Parties

Regarding the instruction on intoxication, neither party made any reference to intoxication in their closing arguments.

Regarding the confusing language about the age limit of the victim, early in its closing argument, the State said, "Let's start with indecency.  Indecency is if [Rodriguez] used his hand and touched [Maggy] on her genitals.  That's indecency."  The State did not say anything about the age requirement to convict of continuous sexual assault of a child or mention the confusing language in the charge.  Later, the State told the jury it could find Rodriguez guilty of continuous sexual assault of a child if it found evidence of "[t]wo instances of the touching between the legs over a period of 30 or more days."  However, the rest of the State's argument focused on (1) the aggravated sexual abuse instances, (2) Maggy's detailed testimony, (3) the use of occasions such as the birthday of Rodriguez's child as a time-marker, (4) Rodriguez's statements and demeanor when interviewed by the police, and (5) the possibility of finding Rodriguez guilty of a lesser offense if the jury could not convict him of continuous sexual assault of a child.

Rodriguez did not mention indecency by contact and, rather, impugned Maggy's credibility and the accuracy of Altamirano's translations.

The State used its rebuttal closing argument to answer Rodriguez's arguments, to reiterate Maggy's testimony, including her consistent statements about sexual abuses that

13

happened before she turned fourteen years old, and to highlight Rodriguez's inculpatory statements. There was no discussion of indecency with a child by contact.

Regarding the inclusion of incorrect language on the abusive acts occurring more than thirty days apart, in its closing argument, the State reminded the jury that Maggy had testified that Rodriguez began sexually assaulting her when she was in the fifth grade, age ten, which would have been 2011. Rodriguez began having intercourse with Maggy before she had her first period, when she was eleven, then continued after Rodriguez's child was born in December 2012. The State referred to Rodriguez's statement confirming Maggy's testimony that, at their first act of intercourse, Maggy cried. The State also highlighted that Rodriguez never denied sexually assaulting her during the time when she was ten through thirteen years old. Finally, the State urged the jury to convict Rodriguez of continuous sexual assault of a child because he had committed various sexually abusive offenses "over and over again for the past however many years."

We find, on the whole, that this factor weighs against a finding of egregious harm for the three charge errors.

### 4.       Any Other Consideration in the Record

In voir dire, the State explained the thirty or more days requirement as follows:

> What the State has to prove in a continuous sexual abuse . . . two instances of sexual abuse, so let's say digital and then one oral, and that the period of time was over 30 days. So, you know, let's say the little kid has gone to visit uncle for the summer, and it happens once at the end of May and once in August. We're past the 30 days.

14

This clear and correct example of Section 21.02's requirement that two or more sexually assaultive abuses occurred with at least thirty days in between ameliorated the imprecise language ultimately provided in the charge.

This factor weighs against a finding of egregious harm from the errors.

Having considered the charge, the evidence, counsel's argument, and other relevant information in the record, we conclude that none of the charge errors resulted in egregious harm under these facts.

## III.     No Cumulative Error

Rodriguez's fourth point of error claims that the cumulative effect of the above-described charge errors egregiously harmed him.

In *Alcoser v. State*, the Texas Court of Criminal Appeals held, "[I]t is possible that a synergistic effect based on multiple charge errors in a multi-count jury charge[15] could weigh in favor of finding harm when consideration of the errors in isolation would not." *Alcoser v. State*, 663 S.W.3d 160, 171 (Tex. Crim. App. 2022).[16]  Even so, the court found that "most errors can be readily isolated to discrete counts, and should be." *Id.*  "Failure to allocate jury charge errors that affect only particular counts might give defendants the windfall of a new trial based on only theoretical harm, something *Almanza* expressly forbids." *Id.*

---

[15]There was only one count in Rodriguez's jury charge, the allegation of continuous sexual assault of a child.  Two lesser-included offenses were alleged in case the jury did not convict on the primary offense.

[16]In *Chamberlain v. State*, the Texas Court of Criminal Appeals noted that "[i]t is conceivable that a number of errors may be found harmful in their cumulative effect." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).

Although we have found three errors in the trial court's jury charge, each are "readily isolated," and we have been able to review each error and found none of them resulted in egregious harm to Rodriguez. *Id.* Any risk of egregious harm, on this record, is "only a theoretical one," and even in the aggregate, these errors "did not vitally affect [Rodriguez's] defensive theory." *Id.*

As a result, we overrule Rodriguez's fourth point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:      June 5, 2024
Date Decided:        July 31, 2024

Do Not Publish