# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-23-00262-CR

---

Johnathan Leland Estes,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
54th District Court of McLennan County, Texas
Judge E. Alan Bennett, presiding
Trial Court Cause No. 2021-462-C2

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant Johnathon Estes was indicted on three counts of aggravated sexual assault of a child and three counts of indecency with a child by contact. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. A jury found Estes guilty on two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact and acquitted Estes on one count of aggravated sexual assault of a child and one count of indecency with a child by contact. The jury

assessed his punishment at fifteen years' confinement on both counts of aggravated sexual assault of a child and five years' confinement on both counts of indecency with a child by contact. The trial court sentenced Estes accordingly and ordered the sentences to run consecutively. In three issues, Estes argues that the trial court erred in charging the jury and that the written judgments of conviction incorrectly state that he entered a plea of guilty to each offense. We will modify the judgments and affirm as modified.

## A. Background

Because there is no challenge to the sufficiency of the evidence, we will summarize the underlying facts only briefly. Estes lived with C.C.[1] and C.C.'s mother and brother. When C.C. was twelve years old, she told friends at school that something had happened with Estes the night before. The friends reported what happened to a teacher's aide who then took C.C. to see the school counselor. C.C. told the school counselor that Estes came into her bedroom the previous night and exposed his privates to her. C.C. also said that Estes had touched her chest on another occasion over her clothes. The school counselor notified the school resource officer and the Texas Department of Family and Protective Services (the Department) about the allegations.

---

[1]We use initials to protect the complainant's identity.

An investigator with the Department interviewed C.C. the following day. C.C. told the investigator that Estes touched her breasts and vagina underneath her clothes. C.C. then underwent a forensic interview at the Advocacy Center for Crime Victims and Children. At that interview, she stated that Estes made her touch his penis and that Estes touched her breasts and vagina. C.C. stated that it had happened recently and that it had happened on more than one occasion.

C.C. was later examined by a pediatrician at the Advocacy Center for Crime Victims and Children. During the medical exam, C.C. described that Estes had exposed himself to her and that he put his penis in her mouth and also in her vagina. C.C. also said that Estes put his finger inside of her vagina and put his mouth on her breasts.

C.C. testified at trial that Estes put his penis inside of her mouth and her vagina on more than one occasion. She further testified that he touched her breasts with his mouth and his hands. Estes testified at trial that none of C.C.'s allegations were true.

## B. Issues One and Two

In his first issue, Estes argues that the trial court's instruction on extraneous offenses was erroneous. In his second issue, he contends that the trial court erred in submitting an instruction on voluntary intoxication.

1. Authority

"Appellate review of claims of jury-charge error first involves a determination of whether the charge was erroneous and, if it was, then second, an appellate court conducts a harm analysis, with the standard of review for harm being dependent on whether error was preserved for appeal." *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015).

If there was no objection to the error, a reversal is only required if the error presents egregious harm, meaning that the appellant did not receive a fair and impartial trial. *Reed v. State*, 680 S.W.3d 620, 625–26 (Tex. Crim. App. 2023). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* at 626. "In determining whether charge error resulted in egregious harm, we consider: (1) the entire jury charge; (2) the state of the evidence; (3) the final arguments of the parties; and (4) any other relevant information revealed by the trial court as a whole." *Id.*

2. Discussion

Estes first argues that the trial court applied an evidentiary provision from the Texas Code of Criminal Procedure that was not applicable in his case.

The State gave notice of its intent to offer evidence that Estes had exposed his penis to C.C. Because Estes was not charged with indecent exposure, the evidence was an extraneous offense. Section 1(b) of Article 38.37 of the Texas Code of Criminal Procedure provides:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37 § 1(b). Section 2(b) of Article 38.37 states:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

*Id.* at § 2(b).

In the case before us, the trial court instructed the jury as follows:

> You are instructed that if there is any testimony before you in this case regarding [Estes] having committed any offenses, if any, against the alleged victim,[C.C.], other than the offenses alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that [Estes] committed such other offenses, if any were committed, and then you may consider the same for its

bearing on any relevant matters, including the character of [Estes] and acts performed in conformity with the character of [Estes], if any, in connection with the offenses, if any, alleged against him in the indictment in this case.

Because Estes did not object to the trial court's instruction, we will reverse only if any error resulted in egregious harm. *See Reed*, 680 S.W.3d at 625–26.

Estes specifically argues that the trial court's instruction erroneously included the language from Article 38.37 Section 2(b) rather than Section 1(b). He maintains that Section 2(b) is not applicable to his case because the State introduced evidence of other sex crimes committed against C.C. and Section 2(b) applies only if the State is attempting to introduce evidence of other sex crimes committed against children other than the victim.

Estes does not complain that the extraneous offense of indecent exposure was inadmissible. Rather, he contends that the trial court's erroneous instruction allowed the jury to consider the extraneous offense for any relevant matters, including conformity with his character, rather than limiting its consideration to his and C.C.'s state of mind and the previous and subsequent relationship between them as required by Section 1(b) of Article 38.37.

The State argues that evidence of extraneous offenses may be admissible under both Article 38.37 Sections 1(b) and 2(b) citing *Zepeda v. State* as authority. No. 09-21-00230-CR, 2024 WL 105319 (Tex. App.—Beaumont Jan. 10, 2024, no pet.) (mem. op. not designated for publication). In *Zepeda*, the

defendant was convicted for the continuous sexual abuse of two sisters. *Id.* at *1. At trial, one of the sisters testified about extraneous offenses the defendant had committed against her. *Id.* at *8. On appeal, the Court held that the testimony was admissible under both Section 1(b) and Section 2(b) of Article 38.37. *Id.* at *10. Estes maintains that *Zepeda* is inapposite because the defendant in that case was charged with the offense of continual sexual abuse of two children.

In *Zepeda*, the Court was called upon to determine the admissibility of the extraneous offense under Article 38.37 and concluded that it was admissible under both sections 1(b) and 2(b). *Id.* Estes acknowledges that the evidence of indecent exposure was admissible under Article 38.37 Section 1(b) and complains only that Section 2(b) is inapplicable. Based upon *Zepeda*, we cannot conclude that Section 2(b) is inapplicable. *Id.* Moreover, because we are not determining the admissibility of the evidence, we need not decide whether Section 2(b) is applicable.

Estes complains that the trial court's charge erroneously allowed the jury to consider the evidence for its bearing on any relevant matter, including his character. Because he did not object to the trial court's charge, we will only reverse if the error, if any, resulted in egregious harm. *Reed*, 680 S.W.3d at 625–26.

There is no evidence that the instruction deprived Estes of a valuable right. *Id.* at 626. Because Estes's defensive theory was that he did not commit any of the charged offenses or extraneous offenses, the instruction did not affect his defensive theory. The jury was instructed they could only consider the evidence if they found beyond a reasonable doubt that Estes committed the extraneous offenses. We presume the jury followed the trial court's instruction. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Estes was acquitted on one count of aggravated sexual assault of a child and one count of indecency with a child by contact which further indicates that the instruction did not deprive Estes of a valuable right. After reviewing the entire jury charge, the state of the evidence, and the final arguments, we conclude that Estes did not suffer egregious harm from any error in the trial court's instruction to the jury. We overrule his first issue.

Estes next argues that the trial court erred in submitting a voluntary intoxication instruction in the jury charge because there was no evidence he was intoxicated at the time of the complained-of conduct. The trial court instructed the jury as follows:

> Our law provides that voluntary intoxication does not constitute a defense to the commission of a crime.
> "Intoxication" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of

two or more of those substances, or any other substance into the body, or having an alcohol concentration of 0.08 or more.

Estes objected to the inclusion of the instruction on voluntary intoxication. Therefore, any error that is not harmless will constitute reversible error. *Price,* 457 S.W.3d at 440.

A voluntary intoxication instruction is appropriate if evidence is introduced which might lead the jury to believe that the defendant was intoxicated at the time of the offense and that his intoxication might have contributed to his lack of knowledge of the offense. *Taylor v. State,* 885 S.W.2d 154, 158–59 (Tex. Crim. App. 1994). Estes argues that there was no evidence he was intoxicated at the time of the complained-of conduct.

There was evidence presented at trial that during her interview with the Department investigator, C.C. said that Estes likes to drink a lot. Estes testified at trial that he had suffered from alcoholism since October 2020, and the complained-of offenses were alleged to have occurred in October 2020. A defendant does not have to rely upon intoxication as a defense in order for there to be an instruction on voluntary intoxication. *Id.* at 158. Although slight, there was some evidence which might lead a jury to believe that Estes was intoxicated at the time of the offense. *Id.* Therefore, the trial court did not err by instructing the jury on voluntary intoxication.

Moreover, even if the trial court erred, the record must show "some harm" to warrant a reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The "some harm" standard requires error that is "calculated to injure the rights of the defendant. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)), *overruled on other grounds by Sandoval v. State*, 665 S.W.3d 496 (Tex. Crim. App. 2022). There must be some actual harm, not merely theoretical harm, to obtain a reversal. *Reed*, 680 S.W.3d at 626.

There is no evidence that any error was calculated to injure Estes's rights. *See Barrios*, 283 S.W.3d at 350. The state of the evidence supports a finding that Estes was not harmed by the inclusion of the instruction. C.C. testified that Estes put his penis in her mouth and in her vagina and that he touched her breasts with his mouth and his hands. Her testimony was supported by her previous interviews with the Department and the medical examiner. In addition, neither the State nor Estes's trial counsel discussed intoxication during closing arguments. Estes was acquitted on one count of aggravated sexual assault of a child and one count of indecency with a child by contact which further indicates that Estes did not suffer harm from the instruction.

Estes contends that the instruction improperly called attention to a fact not in evidence and served only to communicate that the trial court believed he had been intoxicated. However, there is no evidence of actual harm from the instruction. *See id*. Therefore, even if the trial court erred in instructing the jury on voluntary intoxication, we conclude that Estes was not harmed by any error. We overrule the second issue.

## C. Issue Three

In his third issue, Estes argues that each of the judgments of conviction incorrectly state that he pleaded guilty to the charged offenses. The State concedes that each of the four judgments of conviction erroneously state that Estes pleaded guilty to the offenses and agrees that the judgments should be modified to reflect that Estes pleaded not guilty to each offense.

An appellate court has the authority to reform a judgment to speak the truth when it has the information to do so. TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify each of the judgments to reflect that Estes pleaded not guilty to the charged offenses. We sustain Estes's third issue.

## D. Conclusion

Because we overruled Estes's first and second issue and sustained his third issue, we modify each of the judgments to reflect that Estes entered a

plea of not guilty to the charged offenses, and we affirm the judgments as modified.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  July 24, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed as modified
Do not publish
CRPM

